IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


| | | |
|---|---|---|
| CYNTHIA MAE GARCIA, #15933-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv630 |
| | § | CRIMINAL ACTION NO. 4:09cr11(1) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Movant Cynthia Mae Garcia filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## BACKGROUND

On January 26, 2010, after a plea of guilty pursuant to written plea agreement, Movant was sentenced to 130 months' imprisonment for a conviction of (1) bank robbery and (2) using or carrying or possessing a firearm during or in furtherance of a crime of violence, in violation of 18 U.S.C. § 2113(a) and 2, § 924( c)(1)(A)(ii), respectively. Her sentence was ordered to run consecutively to any sentence imposed in the 235th Judicial District Court of Cooke County, Texas. Movant did not file a direct appeal.

The present motion was executed on October 21, 2013. Movant failed to specify the date that she placed it in the prison mail system. However, because she stated that she executed it on October 21, 2013, the motion is deemed filed on that day. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.

1

1998). In her motion, Movant claims that she is entitled to relief based on ineffective assistance of counsel and a new decision by the Supreme Court of the United States. Movant responded to this court's order to address the timeliness of her motion. The Government was not ordered to file a Response.

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant was sentenced on January 26, 2010, and the notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 on February 9, 2010. *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1] *United States v. Cabrera*, 2005 WL

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on July 23, 2008, the Fifth Circuit affirmed the District Court's decision. *See United States v. Plascencia*, 537 F.3d 385, (5th Cir. 2008).

1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d).  Accordingly, the present § 2255 motion

had to be filed within one year from the date on which the judgment became final.  Movant had until

February 9, 2011, in which to file the motion.  It was not filed until October 21, 2013.  Movant filed

her § 2255 motion 2 years, 8 months, and 12 days beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a

jurisdictional bar, and it is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. —, 130 S. Ct.

2549, 2560, 177 L. Ed.2d 130 (2010).  "A habeas petitioner is entitled to equitable tolling only if he

shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing."  *Mathis v. Thaler*, 616 F.3d 461, 474

(5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562).  "Courts must consider the individual facts and

circumstances of each case in determining whether equitable tolling is appropriate."  *Alexander v.

Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902).  The movant bears the burden of proving that he is

entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  Equitable

tolling is not intended for those who "sleep on their rights."  *Mathis*, 616 F.3d at 474.

The Fifth Circuit has held that the district court has the power to equitably toll the limitations

period in "extraordinary circumstances."  *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998).

In order to qualify for such equitable tolling, the Movant must present "rare and exceptional

circumstances."  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998).  In making this

determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,*

illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual

innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204

F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the movant the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Movant was given the opportunity to respond to the fact that her motion was not timely filed. She states that after sentencing, she suffered from "bouts of depression and was prescribed a number of psychotic drugs while in prison." She claims that it took several years for her to get her "head straight." She says that she has been concentrating on her education, and attaches a list of 23 certificates she has earned while imprisoned. She also said that her trial counsel would not send her copies of her legal documents. She concedes that she had "some" of the legal documents with her at certain times, but had been moved numerous times. She relied on her fiancé to "pick up the paperwork," but then she and her fiancé "parted ways, and [she] lost access to those documents." While the court applauds Movant's continuing education efforts, she has failed to show "rare and exceptional circumstances," *Davis*, 158 F.3d at 810-11, or due diligence, *Mathis*, 616 F.3d at 474.

Movant also asserts that she is entitled to relief based on a recent decision by the United

States Supreme Court in *Alleyne v. United States*, —U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013). Looking back to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*., 530 U.S. at 490, 120 S. Ct. at 2362-63. In *Alleyne*, the Supreme Court concluded that "the principle applied in *Appendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2163. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor that must be submitted to the submitted to the jury and found beyond a reasonable doubt. *Id*.

Even if the court assumed that *Alleyne* is applicable to Movant's case, she cannot prevail. The Supreme Court must specifically hold that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 150 L. Ed.2d 632 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review. Furthermore, given that *Alleyn*e is an extension of *Apprendi*, which is not retroactive on collateral review, the Fifth Circuit has concluded that *Alleyne* does not retroactively apply to challenges to sentences on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, this issue is without merit. This motion should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of

appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a

certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*, *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE